UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS AMULFO PORTILLO HERNANDEZ, | )<br>)<br>) |
| Petitioner, | ) CASE NO. C10-185-MJP-JPD<br>) |
| v. | )<br>) |
| FIELD OFFICE DIRECTOR, | ) REPORT AND RECOMMENDATION<br>) |
| Respondent. | )<br>) |

Petitioner is currently confined at the Northwest Detention Center in Tacoma, Washington under the jurisdiction of United States Immigration and Customs Enforcement ("ICE"). He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner indicates in his petition that he wishes to "appeal" a King County Superior Court controlled substances charge on which he was arrested in October 2008.

Section 2241(c)(3) states that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has made clear that "custody" is a jurisdictional prerequisite to habeas review under § 2241(c)(3). *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) ("The custody requirement

REPORT AND RECOMMENDATION - 1

of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

While it is clear from the face of the petition that petitioner is currently in custody, it does not appear that his current custody is in any way related to the King County criminal charge which he seeks to "appeal" in this federal habeas action. Petitioner asserts in his petition that he was arrested for a controlled substances offense on October 20, 2008, and that he was charged, but that he has never seen a judge. According to petitioner, he was taken to jail following his arrest and then released the next day. Petitioner indicates in his petition that ICE detained him once he was released from jail and that he is currently in immigration proceedings.

The facts alleged by petitioner in his federal habeas petition suggest that he was arrested in King County, but was never formally charged[1], and that his current restraint is related solely to his ongoing immigration proceedings. Because petitioner is not in custody with respect to the King County offense which he seeks to challenge in this action, and because none of the facts alleged in the petition indicate that petitioner is likely to be subject to any future restraint as a result of the King County offense, this Court lacks jurisdiction over the instant petition.

Moreover, even assuming petitioner could demonstrate that some pending King County charge were the cause of his current restraint, he would be required to exhaust his state court remedies before pursuing a petition for writ of habeas corpus in federal court. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (principles of comity and federalism require that federal courts not entertain habeas challenges to ongoing state court proceedings unless the petitioner can show that he has exhausted available state avenues for raising his federal claims, and that "special circumstances" warrant federal intervention). Petitioner indicates that the instant petition constitutes

---

[1] An informal review of King County Superior Court records for the period of 2008 to the present did not reveal any pending criminal case for petitioner.

REPORT AND RECOMMENDATION - 2

his "first appeal" of the state court charges. It thus appears clear that petitioner has not taken any steps to exhaust his remedies in the state courts.

For the foregoing reasons, this Court recommends that the instant petition be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 4th day of February, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3